UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LASHAWN WILLIAMS,

Plaintiff,

v.

JOCELYN BENSON,

Defendant.

Hon. Paul L. Maloney

Case No. 1:26-cv-02237

______________________________/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on August 3, 2026, and amended his complaint on August 17, 2026, against Jocelyn Benson in her official and individual capacity as the Secretary of State of Michigan. (ECF Nos. 1 and 6). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned judicial officer recommends that Plaintiff's complaint be dismissed and this action terminated.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the

speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

In his first amended complaint, Plaintiff alleges the following. On July 7, 2026, he attempted to apply for a replacement driver's license using a "Rural Route" address, as opposed to the "standardized municipal street number." (ECF No. 6, PageID.45).

The "Secretary of State refused to allow [him] to use the Rural Route address for driver's license purposes." (ECF No. 6, PageID.46). Plaintiff's driving privileges were eventually revoked due to the lapse. (ECF No. 6, PageID.60-61). Plaintiff also alleges that the Secretary of State denied him "the ability to sign his own chosen signature as 'Roosevelt-Lashawn of the Williams Family U.C.C. § 1-308.' " (ECF No. 6, PageID.61). The complaint cites numerous cases and provisions of federal and state law and seeks declaratory, injunctive, and monetary relief. (ECF No. 6, PageID.41-43, 58-61, 63). While many of the authorities cited by Plaintiff appear unrelated to this action, it appears that Plaintiff has alleged a cause of action under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment with respect to the denial of his driver's license application.

**I. Official Capacity Claims**

The Eleventh Amendment bars a federal court from hearing a damages claim against a state and its entities except where Congress has explicitly abrogated a state's immunity to suit on the face of a statute or where the state itself has consented to suit. *Edelman v. Jordan*, 415 U.S. 651 (1974). Congress did not abrogate state immunity to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989). Because a claim against an individual defendant in his or her official capacity is actually a claim against the entity that employs him or her, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), actions against state officials in their official capacities for

money damages are likewise barred by the Eleventh Amendment. *Will*, 491 U.S. at 70-71.

**II. Section 1983 Claims**

To state a claim under Section 1983, a plaintiff must set forth facts that clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir.2006) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)).

The common underlying theme of Plaintiff's claims is his assertion that the Secretary of State deprived him of a driver's license with his chosen address format and signature. (ECF No. 6, PageID.58). As a preliminary matter, there is no fundamental right to possess a driver's license or drive a motor vehicle. *See League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 534 (6th Cir. 2010); *see also Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) ("[T]here is no fundamental right to drive a motor vehicle.").

**A. Due Process**

Plaintiff alleges that "Defendant violates the Fourteenth Amendment Due Process Clause by denying or withholding a protected driver's license interest without an individualized determination, meaningful notice, adequate opportunity to prove actual residence, or a reasonable alternative process for validating a Rural Route domicile." (ECF No. 6, PageID.58).

To make out a procedural due process claim, Plaintiff is required to "plausibly allege that '(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest.' " *Courser v. Allard*, 969 F.3d 604, 616 (6th Cir. 2020) (quoting *Women's Med. Pro. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)).

"A person has a property interest in her driver's license, which, once issued, may not 'be taken away without that procedural due process required by the Fourteenth Amendment.' " *Estate of Wobschall v. Ross*, No. 19-cv-1796, 2020 WL 5645689, at *6 (E.D. Wis. Sept. 22, 2020) (quoting *Bell v. Burson*, 402 U.S. 535, 539 (1971)). Plaintiff also has a liberty interest in his driving privileges. *See Bell v. Burson*, 402 U.S. 535 (1971).

Although Plaintiff sufficiently pleads the first two factors, he fails to allege facts plausibly asserting that the Secretary of State did not afford him adequate procedural rights under the third. Plaintiff provides nothing more than conclusory allegations that contradict his factual allegations. (ECF No. 6, PageID.58). Although Plaintiff claims that he was denied "meaningful notice" and an "adequate opportunity to prove actual residence" (*id.*), he also pleads that the Secretary of State sent him a notice, which he attached to his complaint, stating that he "must provide proof of address" within fifteen days or his license application would be cancelled. (ECF No. 6-2, PageID.70).

Accordingly, Plaintiff fails to state a due process claim, and the undersigned recommends dismissal of this claim.

**B. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that a State may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state a claim under the Equal Protection Clause, a Section 1983 Plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Blank*, 167 F.4th 375, 380 (6th Cir. 2026) (quoting *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005)).

Plaintiff alleges that "Defendant violates the Fourteenth Amendment Equal Protection Clause by creating an arbitrary geographic classification that treats urban and suburban residents with municipal grid-style addresses more favorably than rural residents whose homes are identified by lawful Rural Route designations." (ECF No. 6, PageID.58). But "[g]eography is not a suspect class for equal protection purposes." *Asher v. Clay Cnty. Bd. of Educ.*, 585 F. Supp. 3d 947, 970 (E.D. Ky. 2022) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616 (7th Cir. 2007); *Butts v. Aultman*, 953 F.3d 353, (5th Cir. 2020); *Tigrett v. Cooper*, 855 F. Supp. 2d 733, 757 (W.D. Tenn. 2012) (holding a law's classification of city and non-city "is not one of the suspect classifications recognized by the Supreme Court in its Equal Protection jurisprudence: race, national origin, alienage, gender, or legitimacy")). Accordingly, Plaintiff does not

sufficiently plead an equal protection claim under Section 1983, and the undersigned recommends dismissal.

**III. Retaliation**

Plaintiff alleges that the Secretary of State revoked his driving privileges "after he filed or pursued a claim in the United States District Court, and that the cancellation therefore constituted retaliation for protected activity." (ECF No. 6, PageID.60).

To establish a claim of retaliation, Plaintiff must show that:

> (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Wiley v. Kentucky Dep't. of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *13 (E.D. Ky. Nov. 21, 2012) (citing *Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir. 2002) and *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999)). Plaintiff does not plausibly allege facts that would allow the Court to find all of these factors.

"Filing a civil rights lawsuit constitutes protected conduct." *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). "Sixth Circuit precedent also clearly establishes that the denial of permits or licenses in retaliation for the exercise of the right to file a lawsuit to redress grievances constitutes an 'adverse action' for the purposes of a First Amendment retaliation claim." *Mauro v. Cnty. of Macomb*, No. 16-11533, 2018 WL 2431631 (E.D. Mich. May 30, 2018); *see, e.g.*, *Top Flight Entertainment, Ltd. v. Schuette*,

729 F.3d 623 (6th Cir. 2013); *see also Holzemer v. City of Memphis*, 621 F.3d 512, 524-25 (6th Cir. 2010).

But it is also well recognized that retaliation is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.' " *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotation marks omitted)); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

Plaintiff has not alleged facts plausibly suggesting the Secretary of State's actions were motivated by Plaintiff's protected conduct. All Plaintiff offers are conclusory allegations unsupported by any facts. (ECF No. 6, PageID.60). Plaintiff offers no examples or facts from which the Court could plausibly infer manipulation,

misrepresentation, or intimidation by the Secretary of State. Accordingly, the undersigned recommends that this claim be dismissed.

**IV. State Law Claims**

Because Plaintiff's federal claims fail, the undersigned recommends that the Court decline the exercise of supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c).

In sum, Plaintiff alleges insufficient facts to state a claim against any individual or entity. A review of the Complaint reflects that it is an "unadorned, the-defendant-unlawfully-harmed-me accusation" that offers nothing more than "labels and conclusions" with "naked assertions" "devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 21, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge