UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT L. WILLIAMS, Plaintiff, | ) | |
| | ) | No. 1:26-cv-2237 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| JOCELYN BENSON, Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Williams alleges Jocelyn Benson, Michigan's Secretary of State, violated his civil rights by refusing the address and signature submitted for purposes of a driver's license. Plaintiff filed his complaint and his amended complaint without the assistance of counsel. The court granted Plaintiff leave to proceed without paying the filing fee. The Magistrate Judge then reviewed the complaint and issued a report recommending the court dismiss the complaint for failing to state a claim. ECF No. 7. Plaintiff filed objections. ECF No. 8. The court will adopt the report and recommendations.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and

recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Simply disagreeing with the findings in the report or reiterating the allegations in the complaint will not suffice. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

The court overrules Plaintiff's objections. The court has carefully reviewed the objections and finds that they do not adequately address the report and recommendation. For example, the Magistrate Judge finds that the Eleventh Amendment requires dismissal of claims for money damages against Defendant in her official capacity. Plaintiff notes that he also requests injunctive relief. But that objection does not address the finding or recommendation. As a second example, the Magistrate Judge recommends dismissing Plaintiffs' equal protection claim because geographic location is not a suspect class. Plaintiff notes that non-suspect classes must bear a rational relationship to a legitimate government purpose. But Plaintiff does not make allegations to establish a rational basis challenge to the location requirement. *See Ziss Bros. Constr. Co. v. City of Independence*, 439 F. App'x 467, 476 (6th Cir. 2011) (explaining that, for a rational basis equal protection claim, a plaintiff must either negate every conceivable basis that might support the government's action or demonstrate that the challenged government action was motivated by ill-will).

Finally, Plaintiff argues (several times) that the court should not dismiss his complaint and should instead allow him to amend the complaint to address the pleading deficiencies. But Plaintiff already amended his complaint. The court must consider whether the complaint pleads a claim, not whether the complaint could be amended to plead a claim.

*See Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012). Plaintiff has not filed a motion for leave to amend his complaint nor has he explained how he would amend the complaint to avoid dismissal. *See Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003).

For these reasons, the court **ADOPTS** the report and recommendation. ECF No. 7.

**IT IS SO ORDERED.**

Date: October 7, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge